IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11093

FLAHERTY & CRUMRINE PREFERRED INCOME FUND
INCORPORATED; FLAHERTY & CRUMRINE PREFERRED INCOME
OPPORTUNITY FUND INCORPORATED;
FLAHERTY & CRUMRINE/CLAYMORE PREFERRED SECURITIES
INCOME FUND INCORPORATED; STAN HAIDUK

PLAINTIFFS–APPELLANTS

V.

TXU CORP; C JOHN WILDER

DEFENDANTS–APPELLEES

Appeal from the United States District Court
for the Northern District of Texas
3:05-CV-01784

Before DeMOSS, DENNIS, and OWEN, CIRCUIT JUDGES.

PER CURIAM:[*]

The plaintiffs in this putative securities-fraud class action allege that TXU

Corp. and its CEO, C. John Wilder, violated Sections 10(b)[1] and 14(e)[2] of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] 15 U.S.C. § 78j(b) (proscribing manipulative or deceptive practices in connection with
the purchase or sale of securities: "[It shall be unlawful for any person] [t]o use or employ, in
connection with the purchase or sale of any security registered on a national securities

Securities Exchange Act and SEC Rule 10b-5[3] by making material misrepresentations and omissions of fact in connection with a self-tender offer to purchase certain convertible securities. The plaintiffs also sued Wilder as a "controlling person" under Section 20(a) of the Act.[4]

The district court granted the defendants' Rule 12(b)(6)[5] motion to dismiss the plaintiffs' claims for failing to satisfy the Private Securities Litigation Reform Act's (PSLRA) requirement that the plaintiffs plead, with particularity, facts raising a "strong inference" of scienter.[6] While the case was on appeal, the United States Supreme Court issued an opinion in Tellabs, Inc. v. Makor Issues

---

exchange or any security not so registered, or any securities-based swap agreement (as defined in section 206B of the Gramm-Leach-Bliley Act), any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.").

[2] Id. § 78n(e) (prohibiting fraud in connection with a tender offer: "It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request or invitation.").

[3] 17 C.F.R. § 240.10b-5 (making it unlawful for any person "[t]o make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading").

[4] 15 U.S.C. § 78t(a) (imposing joint and several liability on a person who exerts control over a person who violates any provision of the Securities Exchange Act).

[5] FED. R. CIV. P. 12(b)(6).

[6] 15 U.S.C. § 78u-4(b)(2) ("In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.").

& Rights, Ltd.,[7] in which the Court clarified the appropriate standard for determining whether a securities fraud complaint gives rise to a "strong inference" of scienter, within the meaning of the PSLRA.

At oral argument, the plaintiffs indicated that remand to the district court would be appropriate because they did not have the benefit of Tellabs in drafting their complaint. The district court likewise did not have the opportunity to consider whether the plaintiffs' allegations meet the PSLRA's pleading requirements in light of the standard articulated in Tellabs. We therefore VACATE the district court's judgment and REMAND for reconsideration.

---

[7] 127 S. Ct. 2499 (2007).